UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK SAXTON,

    Plaintiff,

vs.                                                  Case No. 12-11670

WELLS FARGO, N.A.,                         HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 7) AND DISMISSING CASE**[1]

### I. Introduction

This is one of several filed in this district challenging a mortgage process and a subsequent foreclosure. Plaintiff Frank Saxton is suing defendant Wells Fargo Bank, N.A. (Wells Fargo). The complaint asserts the following claims: (I) quiet title, (II) unjust enrichment, (III) breach of implied agreement/specific performance, and (IV) breach of M.C.L. § 600.3205c - failure to modify.

Before the Court is Wells Fargo's motion for judgment on the pleadings. (Doc. 7). For the reasons that follow, the motion will be granted and the case will be dismissed.

### II. Background

#### A. The Property

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

This case involves real property located at 20892 Dean Street, Warren, Michigan. On June 30, 2004, plaintiff received a loan from Towne Mortgage Company ("Towne Mortgage") in the amount of $63,200.00. At closing, plaintiff executed a promissory note and, to secure repayment of the loan, granted Town Mortgage a mortgage on the property. The mortgage was recorded on July 15, 2004, Liber 15659, Page 219, Macomb County Records.

Plaintiff's initial monthly principal and interest obligation under the note was $389.13. If plaintiff failed to make monthly payments, the mortgage allowed the lender and the lender's successors and assigns to begin foreclosure proceedings against the property.

Shortly thereafter, Towne Mortgage assigned its interest in the mortgage to Washington Mutual Bank, FA ("WaMu") and executed a Corporation Assignment of Real Estate Mortgage (the "WaMu Assignment") on June 30, 2004. The WaMu Assignment was recorded on August 9, 2004, Liber 15746, Page 112, Macomb County Records.

On March 13, 2007, WaMu assigned its interest in the mortgage to Wells Fargo and executed an Assignment of Mortgage (the "Wells Fargo Assignment"). The Wells Fargo Assignment was recorded on March 14, 2007, Liber 18571, Page 215, Macomb County Records.

### B. Foreclosure Proceedings

Plaintiff defaulted on the loan by failing to make the required payments.

Accordingly, Wells Fargo, through its agent, began foreclosure by advertisement proceedings. Specifically, Wells Fargo, through its agent, published notices of foreclosure in the Macomb County Legal News on August 2, 9, 16, and 23, 2011. Wells Fargo also, through its agent, posted a true copy of the notice of foreclosure on the property on August 3, 2011. On September 1, 2011, Wells Fargo, through its agent, purchased the property at a sheriff's sale and obtained a sheriff's deed which was recorded on September 11, 2011, Liber 20904, Page 181, Macomb County Records.

On February 16, 2012, plaintiff sued Wells Fargo in state court. Wells Fargo timely removed the case to federal court.

On March 1, 2012, after the lawsuit was filed, plaintiff's statutory right to redeem the property expired. Plaintiff failed to redeem the property.

### III. Legal Standard

Fed. R. Civ. P. 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518.

The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion. Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C, 477 F.3d 383, 389 (6th Cir. 2007). In facing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court must construe the complaint in the light most favorable to

the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1964-65 (citations omitted); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

  Finally, in ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the complaint as well as documents referenced in the pleadings and central to plaintiff's claims, matters of which a court may properly take notice, public documents, and letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007); Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999).

  In a case such as this, "if the plaintiff fails to attach the written instrument upon

which he relies, the defendant may introduce the pertinent exhibit, " which is then considered part of the pleadings. QQC, Inc. v. Hewlett-Packard Co., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997)). Therefore, the Court has considered the various documents related to the note, mortgage, and foreclosure proceedings.

### IV. Analysis

### A. Standing

Wells Fargo first argues that it is entitled to judgment on all of plaintiff's claims because he failed to redeem the property and therefore lacks the ability to challenge the validity of the foreclosure. Wells Fargo is correct.

Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).

Here, Wells Fargo purchased the property at a foreclosure sale on September 1, 2011. The redemption period expired on March 1, 2012. Because plaintiff failed to redeem the property before the redemption period expired, Wells Fargo became vested with "all the right, title, and interest" in the property by operation of law. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished); Mission of Love v. Evangelist Hutchinson Ministries, No. 266219, 2007 WL 1094424, at * 5 (Mich. Ct. App. April 12, 2007) (unpublished) ("After the redemption period expired, plaintiff no longer had any right or interest in the

property, because the property had been validly purchased at a foreclosure sale. At that point, the trial court could not grant plaintiff the relief it sought (title to the property) if it were successful in its suit.")

This outcome is not altered because plaintiff filed this lawsuit on April 13, 2012, prior to the expiration of the redemption period. As the Michigan Court of Appeals explained in Overton:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich. App. 246, 247-248, 167 N.W.2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

Overton, 2009 WL 1507342 at *1. In short, once the redemption period expired, plaintiff could no longer assert defects in the foreclosure proceedings and/or the sheriff's sale.

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012). In Awad, the statutory redemption period expired on November 26, 2010. Plaintiff failed to redeem the property and, instead, she filed suit just prior to the expiration of the redemption period. Defendant moved for summary disposition, and the trial court granted defendant's motion on the ground that plaintiff lacked standing to challenge the foreclosure sale. On appeal, the Michigan Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love. The court of appeals confirmed that once the redemption period expires, "all of [plaintiff's]

rights in and title to the property were extinguished" and plaintiff "therefore, lost her standing to sue." Id.

Finally, courts in this district have similarly held that the expiration of the redemption period extinguishes a plaintiff's right to sue with regard to the property. See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010).

As to setting aside the foreclosure, the Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937). Moreover, the alleged fraud or irregularity must be with regard to the sale procedure itself. See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party).

Here, plaintiff has not alleged a strong showing of fraud or irregularity sufficient to unwind the sheriff's sale. Plaintiff does not allege any defect in the foreclosure procedure and instead relies on conclusory statements to support his claim. For example, while plaintiff says that Wells Fargo is estopped from enforcing the sheriff's sale, he does not allege any factual basis for this assertion. Statements, lacking any factual or legal support, are insufficient. At best, plaintiff argues that the sheriff's sale should be set aside because he was allegedly misled into believing that the sale would not occur pending the outcome of the loan modification process. This claim, which is

the subject of count III, is barred by the statute of frauds, as discussed below.

### B. Plaintiff's Claims

### 1. Count I - Quiet Title

Wells Fargo says that count I, asserting a claim for quiet title, is not sustainable. The Court agrees. In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that plaintiff properly allege his or her ownership interest in the property. M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff fails to allege any facts establishing a prima facie case of title. Plaintiff does not contest that he failed to pay and defaulted on the loan. He provides no factual basis to support any of his claims that the foreclosure proceedings were somehow defective. His claims merely attack the foreclosure process and do not address a legitimate title dispute. Therefore, plaintiff has not stated a plausible claim for

quiet title.

### 2. Count II - Unjust Enrichment

Wells Fargo says it is entitled to a judgment on count II, claiming unjust enrichment, because the subject matter of the dispute is governed by a written contract. The Court agrees. "[T]o sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003), (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)). "If this is established, the law will imply a contract in order to prevent unjust enrichment." Belle Isle Grill Corp., 256 Mich. App. at 478, (citing Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992)). "However, a contract will be implied only if there is no express contract covering the same subject matter." Id.

Here, the mortgage and note form an express written contract between the parties, which precludes a claim for unjust enrichment. Moreover, plaintiff has not alleged that Wells Fargo received a benefit from him. Plaintiff failed to pay and defaulted on his loan. Wells Fargo acted in accordance with its rights under the mortgage and note. To the extent plaintiff has resided at the property after the foreclosure and redemption period, plaintiff, not Wells Fargo, has received a benefit. In short, plaintiff has not made out a viable claim for unjust enrichment.

### 3. Count III - Breach of Implied Agreement/Specific Performance

Wells Fargo correctly says plaintiff cannot prevail on a claim for breach of an implied agreement because any such claim is barred by the statute of frauds. Plaintiff's claim for breach of an implied agreement is based on alleged negotiations concerning a

9

loan modification. Michigan's statute of frauds specifically prohibits any action against a financial institution, like Wells Fargo, to enforce a promise or commitment to modify a loan agreement unless it is in writing. The statute provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in **repayment or performance of a loan**, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2) (emphasis added). Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank. See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538, 549 (2000).

Here, Plaintiff's claims for breach of implied agreement arises out of alleged oral promises concerning an alleged loan modification. See Complaint (Doc. 1) at ¶¶ 7, 9, 21-22. Because plaintiff has not alleged any writing signed by Wells Fargo confirming a loan modification, the claim must be dismissed as barred by the statute of frauds.

### 4. Count IV - Violation of M.C.L. § 600.3205c - Loan Modification

In count IV, plaintiff alleges that he requested a loan modification, but never received one from Wells Fargo. While plaintiff does not allege any specific conduct in violation of the statute, M.C.L. § 600.3205c does not require Wells Fargo to modify any specific loan, and it does not provide any basis for unwinding the foreclosure. Rather,

10

the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted <u>under the judicial foreclosure process</u> if the foreclosure is conducted in violation of the statute. See M.C.L. § 600.3205c(8). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. Id. The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. <u>Stein v. U.S. Bancorp</u>, Case No. 10–14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the <u>type</u> of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." (emphasis in original)); <u>Adams v. Wells Fargo Bank, N.A.</u>, Case No. 11–10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). Accordingly, count IV must be dismissed.

### 5. Additional Claims Raised in Plaintiff's Response

In his response, plaintiff appears to assert claims for fraud and misrepresentation. See Response (Doc. 9) at p. 4-6. This is improper. Plaintiff cannot raise new allegations in response to a dispositive motion. See, e.g., <u>Tucker v. Union of Needletrades, Indus. & Textile Emps.</u>, 407 F.3d 784, 788 (6th Cir. 2005) ("a nonmoving

party may not raise a new legal claim for the first time in response to an opening party's summary judgment motion.").

Moreover, as Wells Fargo points out, any such claims would fail. Putting aside that the complaint contains no such claims, assuming they are stated as explained in the response brief, the claims have not been pled with particularity as required by Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Sixth Circuit has "interpreted Rule 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 877 (6th Cir. 2006); see also Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008). Plaintiff's conclusory statements in his response brief that there was "misrepresentation," "silent fraud," and "fraud" are insufficient to state viable claims.

## V. Conclusion

For the reasons stated above, Wells Fargo's motion for judgment on the pleadings is GRANTED.[2] This case is DISMISSED.

SO ORDERED.


Dated: August 17, 2012          S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

---

[2]Wells Fargo also argues that plaintiff's claims are barred by the doctrine of laches. The Court declines to address this argument.

**12-11670 Saxton v. Wells Fargo**
**Memorandum & Order Granting**
**Defendant's Motion for Judgment on the Pleadings**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 17, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160